UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARL L. KING,

          Plaintiff,

   v.

DIRECTOR FEDERAL BUREAU OF PRISONS, I. JACQUEZ,

          Defendant.

CASE NO. 2:22-CV-435-MJP-DWC

REPORT AND RECOMMENDATION

Noting Date: May 13, 2022

     The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Karl King, proceeding *pro se*, filed a complaint alleging civil rights claims pursuant to 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court determines Plaintiff has failed to state a claim upon which relief can be granted. Because Plaintiff cannot remedy the defects in his complaint, the Court recommends Plaintiff's claims be dismissed without leave to amend, Plaintiff's pending motions to proceed *in forma pauperis* (Dkt. 1), to amend (Dkt. 3) and for Temporary Restraining Order (Dkt. 5) be denied as moot, and this case be closed.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff, a federal prisoner housed at the Federal Detention Center-SeaTac ("FDC"), alleges Defendants deprived him of the ability to earn "good time" credits that would shorten his sentence. Dkt. 1-1. The complaint seeks a grant of the allegedly missing time credits and damages. *Id*. at 9. Plaintiff filed his complaint and a motion to proceed *in forma pauperis* on April 4, 2022. On April 12, 2022, Plaintiff filed a proposed motion to amend the complaint—which seeks to add a claim for alleged violation of a criminal conspiracy statute[1] but continues to seek the same relief. Dkt. 3. On April 15, 2022, Plaintiff filed a proposed motion for a Temporary Restraining Order, seeking Plaintiff's immediate release from the FDC to a Residential Reentry Center. Dkt. 5.

## DISCUSSION

**A. Legal Standard**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Because Plaintiff brings suit against federal—rather than state—officials, his claims are properly interpreted as *Bivens* claims, not as § 1983 claims. To state a *Bivens* claim, Plaintiff

---

[1] The Court notes the statute invoked by Plaintiff, 18 U.S.C. § 241, is solely a criminal provision and "provide[s] no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

must allege (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). A *Bivens* claims must be brought against a federal officer in his or her individual capacity. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d. Cir. 1994).

**B.   Heck Bar**

Plaintiff's claims directly challenge the implementation of his sentence and seek early release from confinement. Dkt. 1-1. Plaintiff contends he has not been provided an opportunity to earn "good time" credits that would result in his earlier release from prison to home confinement or a Residential Reentry Center. *Id*. at 5-6. Plaintiff's proposed complaint seeks a "grant" of "the required time credits." *Id*. at 6. Plaintiff's subsequent filings likewise continue to seek early release. Dkt. 3 at 2 (seeking "credits" that would "adjust[ ]" Plaintiff's release date); Dkt. 5 at 2 (seeking TRO granting immediate release).

This relief cannot be obtained in a civil rights action under 42 U.S.C. § 1983 or *Bivens*. Instead, a writ of habeas corpus "is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997). "Where success in a prisoner's [civil rights] damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

1    The Supreme Court has made applicable its holding in *Heck* to the loss of good time
2 credits. *Edwards v. Balistok*, 520 U.S. 641, 643, 646 (1997) (*quoting Heck*, 512 U.S. at 487)
3 (finding challenge to validity of procedures used to deprive prisoner of his good-time credits not
4 cognizable under § 1983, because it necessarily implied invalidity of deprivation of his good-
5 time credits); *see also Muhammad*, 540 U.S. at 751 (noting *Heck* applies in circumstances where
6 administrative action taken against prisoner could affect credits toward release based on good
7 time served). Thus, it is only in those cases where a prisoner's challenge to, for example, the loss
8 of good time credits "threatens no consequence for his conviction or the duration of his
9 sentence," that the requirements of *Heck* do not apply. *Muhammad*, 540 U.S. at 751.
10    Here, Plaintiff alleges defendants prevented him from earning good time credits toward
11 his early release. Dkt. 1-1. Such a claim directly challenges the duration of plaintiff's sentence
12 and seeks an earlier release from prison. Accordingly, Plaintiff's claims are barred by *Heck* and
13 are not cognizable under *Bivens* or 42 U.S.C. § 1983.
14 **C.   Leave to Amend**
15    Ordinarily, before the Court may dismiss the complaint as frivolous or for failure to state
16 a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and
17 an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050,
18 1055 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d
19 1133 (9th Cir. 1997). However, leave to amend need not be granted "where the amendment
20 would be futile or where the amended complaint would be subject to dismissal." *Saul v. United*
21 *States*, 928 F.2d 829, 843 (9th Cir. 1991).
22    Here, the Court has considered both Plaintiff's proposed complaint and his proposed
23 motion to amend. Both remain fatally defective, because the relief Plaintiff seeks—earlier release
24

from confinement—cannot be obtained through a civil rights complaint.[2] The Court therefore finds amendment would be futile and recommends Plaintiff not be granted leave to amend.

## CONCLUSION

For the above stated reasons, the Court recommends Plaintiff's Complaint be DISMISSED without prejudice for failure to state a claim and this case be closed. The Court further recommends that Plaintiff's motions to proceed *in forma pauperis* (Dkt. 1), to amend (Dkt. 3) and for Temporary Restraining Order (Dkt. 5) be DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 13, 2022, as noted in the caption.

Dated this 25th day of April, 2022.

David W. Christel
United States Magistrate Judge

---

[2] The Court also notes that, even if Plaintiff's claims were not barred by *Heck*, it appears unlikely he could state a claim for a constitutional violation. *See Ashby v. Lehman*, 307 Fed. Appx. 48, 49 (9th Cir. 2009) (*citing Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)) (prisoners lack "a constitutionally-protected liberty interest in earning early release time credits," and therefore are "not entitled to the protections of due process before [being] deprived of [their] ability to earn the credits."); *Bloom v. Fed. Bureau of Prisons*, No. CV1921589KMWSAK, 2022 WL 341200, at *2 (D.N.J. Feb. 4, 2022) (plaintiff had no liberty interest in an opportunity to earn good time credits under the First Step Act).